# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| ANGELA CHRISTINE LAMBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11-0182 |
| ) | |
| NOVOPHARM, LTD., ) | |
| ) | |
| Defendant. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Plaintiff's Motion to Proceed Without Prepayment of Fees (Document No. 2.), filed on March 21, 2011; and (2) Plaintiff's letter-form Motion to Voluntarily Dismiss Complaint (Document No. 8.), filed on October 11, 2011. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## FACTUAL AND PROCEDURAL HISTORY

On March 21, 2011, Plaintiff, proceeding *pro se*, filed her Complaint naming Novopharm, a Canadian corporation, as the Defendant.[1] (Document No. 1.) Plaintiff alleges that she developed Rheumatoid Arthritis after taking Fluoxetine, a prescription drug manufactured by Defendant. Plaintiff argues that Defendant failed to adequately warn that the development of Rheumatoid Arthritis was a possible side effect of taking Fluoxetine. Accordingly, Plaintiff requests "a monetary judgment and damages in an amount greater than $100,000, as well as medical monitoring, revised

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

product labeling, and any other relief as justice calls for in this case."

On October 11, 2011, Plaintiff filed a letter-form Motion to Voluntarily Dismiss Complaint. (Document No. 8.) Specifically, Plaintiff states as follows (Id.):

> Although a document in motion form is more appropriate, I would ask that the court consider this letter as a pro se motion to dismiss the above action. I have had some correspondence with the Defendant in this case, informing of my condition and seeking settlement; however, settlement has not occurred. The case has merit or I would not have filed it. Based upon my good faith beliefs, however, the resulting diagnosed condition of Rheumatoid causes extreme fatigue at times and other physical symptoms which make litigation of the case by me unrealistic. Since I am unemployed, financially, a suit (in terms of trial) against a pharmaceutical company is unrealistic as well. I have filed for social security disability.
>
> Rather than burden the court's docket, I request that the court dismiss the matter without prejudice. I appreciate the court's indulgence in allowing me to file the matter as each case presents the opportunity to learn about new law. By the institution of this action, I was able to learn about service of process in the context of international law, an area of law wherein I had never been exposed to before.

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d

1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." <u>Andes v. Versant Corp.</u>, 788 F.2d 1033, 1036 (4th Cir. 1986).  It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. <u>See</u> <u>Vosburgh v. Indemnity Ins. Co. of North America</u>, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." <u>Id.</u>

Defendant has neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. <u>See</u> <u>e.g.</u>, <u>Camacho v. Mancuso</u>, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Proceed Without Prepayment of Fees (Document No. 2.), **GRANT** Plaintiff's Motion to Voluntarily Withdraw Complaint (Document No. 8.), and **DISMISS** Plaintiff's Complaint (Document No. 1.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 13, 2011.

R. Clarke VanDervort
United States Magistrate Judge